**Laura R. TALLITSCH, Plaintiff-Appellant and Cross-Appellee,**

v.

**CHILD SUPPORT SERVICES, INC., a Virginia corporation, Defendant-Appellee and Cross-Appellant.**

No. 94CA2204.

Colorado Court of Appeals,
Div. V.

April 4, 1996.

Rehearing Denied May 9, 1996.

Certiorari Denied Nov. 12, 1996.

Wood, Ris & Hames, P.C., E. Gregory Martin, Dennis A. Hanson, Barbara L. Brundin, Denver, for Plaintiff–Appellant and Cross–Appellee.

Lamm, Freeman & Butler, L.L.C., Patrick D. Butler, Tom W. Lamm, Boulder, for Defendant–Appellee and Cross–Appellant.

Opinion by Judge CASEBOLT.

In this action premised upon improper debt collection practices, plaintiff, Laura Tallitsch, appeals the amount awarded to her for attorney fees pursuant to the Colorado Organized Crime Control Act (COCCA), § 18–17–104(3), C.R.S. (1986 Repl.Vol. 8B). Defendants, Child Support Services, Inc., and Kent Edwards, cross-appeal the trial court's award of attorney fees, its denial of their motion for

an award of costs, and its decision declining to require plaintiff to produce a copy of the contingent fee agreement. We affirm.

Plaintiff alleged that defendants had used improper and harassing collection methods in attempting to collect child support she owed to her former husband. She asserted claims for outrageous conduct; negligent infliction of emotional distress; negligent hiring, supervision, and training; a violation of COCCA; and exemplary damages.

The jury returned a verdict against defendants for extreme and outrageous conduct and violation of COCCA. The jury awarded plaintiff $50 in compensatory damages and $50 in exemplary damages. The compensatory damage award was trebled by the trial court pursuant to § 18–17–106(7), C.R.S. (1986 Repl.Vol. 8B).

Plaintiff filed a motion requesting approximately $22,000 in attorney fees under COCCA. Defendants protested the amount sought and requested recovery of costs because of previous offers of settlement.

The trial court scheduled a hearing on the motions more than sixty days after the entry of judgment. Defendants sought discovery of the contingent fee agreement and the trial court declined to require its production. After the hearing, the trial court awarded plaintiff $8,000 in attorney fees and denied defendants' motion for costs. This appeal followed.

I.

Because it would be dispositive, we first address defendants' contention that the trial court lacked jurisdiction to conduct a hearing and grant plaintiff's motion for attorney fees more than sixty days after the motion was filed. We disagree with that contention.

C.R.C.P. 59(j) imposes a sixty-day limitation for the trial court to determine any post-trial motions. However, issues concerning recovery of attorney fees not sought as damages, as here, are outside the purview of C.R.C.P. 59. *Koontz v. Rosener,* 787 P.2d 192 (Colo.App.1989). *See Baldwin v. Bright*

*Mortgage Co.,* 757 P.2d 1072 (Colo.1988); *Roa v. Miller,* 784 P.2d 826 (Colo.App.1989).

Accordingly, the trial court had jurisdiction to consider plaintiff's request for attorney fees.

## II.

Plaintiff asserts that the trial court erred by failing to award the full amount of attorney fees she had sought. In a related argument, defendants argue that the trial court erred in awarding plaintiff $8,000 in attorney fees. We conclude that there was no abuse of discretion by the trial court in making its award.

Attorney fees are recoverable by a successful party under COCCA. The pertinent provision of COCCA, § 18–17–106(7), C.R.S. (1986 Repl.Vol. 8B), provides:

> Any person injured by reason of any violation of the provisions of section 18–17–104 shall have a cause of action for threefold the actual damages sustained. Such person shall also recover attorney fees in the trial and appellate courts and costs of investigation and litigation reasonably incurred.

■ Plaintiff asserts that, because COCCA is patterned after the federal Racketeer Influenced and Corrupt Organizations Act, (RICO) 18 U.S.C. §§ 1961, et seq. (1988), we should look to federal case law to determine the appropriate factors to utilize in measuring an attorney fee award. We recognize that federal law construing RICO may be instructive. *People v. Chaussee,* 847 P.2d 156 (Colo.App.1992), *rev'd on other grounds,* 880 P.2d 749 (Colo.1994). Here, however, there exists appropriate Colorado authority on this issue, and that authority is controlling. *See Nicholas v. North Colorado Medical Center, Inc.,* 902 P.2d 462 (Colo.App.1995) (in construing state statutory scheme concerning anticompetitive conduct, court not required to follow federal law).

■ An award of attorney fees must be reasonable. The determination of reasonableness is a question of fact for the trial court, and its ruling will not be disturbed on review unless patently erroneous and unsup-ported by the evidence. *Hartman v. Freedman,* 197 Colo. 275, 591 P.2d 1318 (1979).

■ If a statute providing for a fee award does not provide a specific definition of "reasonableness," the amount of the award must be determined in light of all the circumstances, based upon the time and effort reasonably expended by the prevailing party's attorney. *Spensieri v. Farmers Alliance Mutual Insurance Co.,* 804 P.2d 268 (Colo. App.1990).

■ In awarding attorney fees, the trial court may consider, among other circumstances, the amount in controversy, the length of time required to represent the client effectively, the complexity of the case, the value of the legal services to the client, and awards in similar cases. *Hartman v. Freedman, supra.*

■ The existence of a fee arrangement, whether contingent or fixed, is a factor to consider in determining the reasonableness of a requested fee. *Bakehouse & Associates, Inc. v. Wilkins,* 689 P.2d 1166 (Colo.App. 1984). However, the fact that a matter is handled by an attorney under a fee agreement does not, of itself, require a court to award the amount agreed upon between the attorney and client. *Spensieri v. Farmers Alliance Mutual Insurance Co., supra.*

■ The initial estimate by the court of a reasonable attorney fee is reached by calculation of the "lodestar" amount. This amount represents the number of hours reasonably expended multiplied by a reasonable hourly rate and carries with it a strong presumption of reasonableness. *Spensieri v. Farmers Alliance Mutual Insurance Co., supra.*

■ Once the lodestar amount is determined, that basic amount may be adjusted upward or downward by application of the factors listed above, together with the degree of success achieved and those factors set forth in the Colorado Rules of Professional Conduct Rule 1.5. *See Porter v. Castle Rock Ford Lincoln Mercury, Inc.,* 895 P.2d 1146 (Colo.App.1995) (wage claim); *Hibbard v. County of Adams,* 900 P.2d 1254 (Colo.App. 1994) (civil rights claim); *Dahl v. Young,* 862

P.2d 969 (Colo.App.1993) (improper lien filing).

In determining whether the lodestar figure should be adjusted up or down based on the degree of success achieved, the amount of damages recovered by the plaintiff is relevant. *Mau v. E.P.H. Corp.*, 638 P.2d 777 (Colo.1981). In addition, a court may consider the amount in controversy and the amount of damages sought. *See Robinson v. Lynmar Racquet Club, Inc.*, 851 P.2d 274 (Colo.App.1993). *See also* Colorado Rules of Professional Conduct Rule 1.5(a)(4) (factors regarding reasonableness include amount involved and results obtained).

Here, the trial court appropriately determined the lodestar amount by multiplying the number of hours reasonably expended by a reasonable hourly fee. While defendants argue that the hours expended were unreasonable in light of the nature of this case, our review of the trial court's findings indicates that its determination is well supported by the evidence. Hence, we find no abuse of discretion.

In adjusting the lodestar amount downward, the trial court found that plaintiff had asked the jury to award substantial damages, certainly more than the $50 awarded. Further, the trial court found that, although the jury had determined that a violation of COCCA had occurred, such violation did not create a substantial detriment to the plaintiff. The trial court also evaluated the existence of the contingent fee agreement and considered the value of plaintiff acting as a "private attorney general" which benefitted the public by censuring defendant's inappropriate collection methods.

Plaintiff contends that the trial court erroneously applied a "rule of proportionality" under which attorney fee awards are entered that are proportional to the damages awards obtained. We perceive no error.

The trial court discussed the proportionality approach but rejected it, specifically noting that attorney fees should not have a direct or proportional relationship to the amount of damages awarded because the legislative purpose to encourage the use of "pri-

vate attorneys general" would be defeated thereby. Rather, the trial court stated that the lack of a proportionality requirement did not preclude a review of the success achieved and results obtained when setting a reasonable fee. We agree with this analysis. *See City of Riverside v. Rivera*, 477 U.S. 561, 106 S.Ct. 2686, 91 L.Ed.2d 466 (1986) (describing rule; declining, in civil rights case, to require proportionality between amount of damages and fee award); *Northeast Women's Center v. McMonagle*, 889 F.2d 466 (3rd Cir.1989) (rejecting proportionality in RICO case); *Nu–Life Construction Corp. v. Board of Education*, 795 F.Supp. 602 (E.D.N.Y.1992) (same).

Accordingly, the trial court properly exercised its discretion and considered appropriate factors in reaching its conclusions. Neither party has alleged that the trial court's findings are insufficient, and we find adequate support for the findings in the record. Consequently, we find no abuse of discretion and will not disturb the fee determination on review.

### III.

Defendants argue that the trial court erred in failing to grant their motion for an award of costs pursuant to § 13–17–202(1)(a)(II), C.R.S. (1987 Repl.Vol. 6A). We disagree.

Section 13–17–202(1)(a)(II), C.R.S. (1987 Repl.Vol. 6A) provides for an award of costs to a defendant if the defendant makes an offer of settlement that is rejected by the plaintiff and the plaintiff does not recover a final judgment in excess of the amount offered. However, the imposition of nonmonetary conditions may remove the offer from the scope of the statute. *Martin v. Minnard*, 862 P.2d 1014 (Colo.App.1993) (imposition of nonmonetary conditions that extended the scope of the offer beyond the claims at issue, required assumption of risk, imposed hold harmless obligations, and mandated confidentiality, removed the offer from the scope of § 13–17–202).

Here, defendants tendered a settlement offer to plaintiff of $1,000 contingent upon the amount being applied as an offset to back child support that defendants had been hired to collect by plaintiff's ex-husband. Because

plaintiff would have had to apply the settlement proceeds to child support due to a third party under this proposal and would not have directly received the proceeds, we conclude that this constituted a nonmonetary condition that removed the offer from the scope of § 13–17–202. Thus, the offer cannot afford a basis for defendants to recover their costs under the statute.

## IV.

■ Finally, defendants argue that the trial court erred in failing to require plaintiff to produce a copy of the contingent fee agreement. We disagree.

■ Discovery rulings, including rulings limiting discovery, are within the discretion of the trial court and will not be disturbed absent an abuse of that discretion. *Ammons v. American Family Mutual Insurance Co.,* 897 P.2d 860 (Colo.App.1995). Under C.R.C.P. 26(c), the trial court has "broad discretion to manage the discovery process in a fashion that will implement the philosophy of full disclosure of relevant information and at the same time afford the participants the maximum protection against harmful side effects." *Bond v. District Court,* 682 P.2d 33, 40 (Colo.1984).

Here, instead of requiring production of the fee agreement, the trial court allowed defendants to question one of plaintiff's attorneys regarding its terms. Defendants have not indicated how this method, rather than the production of the actual agreement, caused them any prejudice. And, as noted above, the trial court gave appropriate consideration to the contingency fee agreement in determining an appropriate attorney fee award.

Accordingly, we conclude that the trial court did not abuse its discretion.

The judgment is affirmed, and the cause is remanded with directions to determine and award the amount of reasonable attorney fees incurred by plaintiff in this appeal.

ROTHENBERG and TAUBMAN, JJ., concur.