ONE CREATIVE PLACE, LLC, a Colorado limited liability company, and JetAway Aviation, LLC, a Colorado limited liability company, Plaintiffs–Appellees,

v.

JET CENTER PARTNERS, LLC, Intervenor–Appellant.

No. 10CA1887.

Colorado Court of Appeals, Div. IV.

May 26, 2011.

Ireland Stapleton Pryor & Pascoe, P.C., Mark E. Haynes, Kelley A. Bergelt, Denver, Colorado, for Plaintiffs–Appellees.

Jacobs Chase, LLC, Kathryn A. Reilly, Denver, Colorado, for Intervenor–Appellant.

Opinion by Judge BERNARD.

To establish a claim under the Colorado Consumer Protection Act (CCPA), a private citizen must prove five elements: (1) the defendant engaged in an unfair or deceptive trade practice; (2) the deceptive trade practice occurred in the course of the defendant's business; (3) the deceptive trade practice significantly impacted the public as actual or potential customers of the defendant's business; (4) the plaintiff suffered an injury to a legally protected interest; and (5) the deceptive trade practice caused the plaintiff's injury. *Rhino Linings USA, Inc. v. Rocky Mountain Rhino Lining, Inc.*, 62 P.3d 142, 146–47 (Colo.2003).

This appeal concerns the third element. It asks us to decide whether the third element is an issue of law, to be resolved by the court, or a question of fact, to be resolved by the trier of fact. We hold that it is a question of fact.

As a result, our review here is limited to determining whether the trial court committed clear error by finding that the intervenor, Jet Center Partners, LLC (JCP), had not proved this element. Because we conclude that the trial court did not commit clear error, we affirm the trial court's judgment in favor of plaintiffs, One Creative Place, LLC, and JetAway Aviation, LLC (collectively, JetAway).

I. Background

This appeal arises from litigation involving the provision of services for aircraft at Montrose Regional Airport in Montrose, Colorado. In 2005, JCP successfully outbid JetAway to become the fixed based operator and exclusive fuel supplier at the airport. A fixed based operator provides goods and services, such as fuel, maintenance, and storage, for aircraft and pilots.

A dispute arose as to whether JetAway's activities on its property adjacent to the airport continued to be limited by the terms of a preexisting agreement between JetAway and defendant, the Board of County Commissioners of Montrose County (the Board). Contrary to the Board's direction, JetAway began selling fuel and other services typically provided by a fixed based operator, and launched an extensive campaign advertising these services.

JetAway and the Board each filed suit, JetAway for declaratory judgment regarding its interpretation of the agreement, and the Board for injunctive relief. The trial court entered a temporary restraining order against JetAway, enjoining it from fueling aircraft owned by others without the consent of the Board, and from operating an air charter service.

JCP was granted leave to intervene and asserted claims against JetAway for violation of the agreement, and, as relevant here, for violation of the CCPA. JCP contended that JetAway had advertised services that it was prohibited from providing, that these advertisements misled the public, and that the advertisements had harmed JCP.

After a lengthy bench trial, the trial court found that JCP had not established its CCPA

claim because it failed to prove that it had suffered an injury to its legally protected interest. On appeal, a division of this court reversed that part of the judgment and remanded to the trial court to determine whether JCP established the other elements of its CCPA claim. *One Creative Place, LLC v. Bd. of Cty Comm'rs,* 2009 WL 4203022 (Colo.App. No. 08CA2341, Nov. 25, 2009) (not published pursuant to C.A.R. 35(f)).

On remand, the trial court found that Jet-Away's conduct amounted to a deceptive trade practice, but concluded that JCP had not proved a significant public impact as required to support its CCPA claim.

## II. Analysis

### A. Standard of Review

■ Where the controlling facts are undisputed, the existence or lack of public impact may be determined as a matter of law. *See, e.g., Colorado Coffee Bean, LLC v. Peaberry Coffee, Inc.,* 251 P.3d 9, —— (Colo. App.2010); *Coors v. Security Life of Denver Insurance Co.,* 91 P.3d 393, 399 (Colo.App. 2003), *aff'd in part and rev'd in part on other grounds,* 112 P.3d 59 (Colo.2005); *Curragh Queensland Mining Ltd. v. Dresser Industries, Inc.,* 55 P.3d 235, 241 (Colo.App.2002). De novo review is appropriate in such cases. *See Colorado Coffee Bean,* 251 P.3d at ——; *see also Hicks v. Londre,* 125 P.3d 452, 455 (Colo.2005).

This does not mean, however, that the question whether a deceptive trade practice had a public impact is necessarily one of law. *See Colorado Coffee Bean,* 251 P.3d at —— (Connelly, J., concurring) (discussing whether public impact determination should be reviewed as a question of law or fact). To the contrary, the Colorado Supreme Court Committee on Civil Jury Instructions has recognized that this question may be submitted to a jury as trier of fact. *See* CJI–Civ. 4th 29:4 (2010).

We are also guided by the practice of the State of Washington, which has consumer protection legislation similar to our own. *See Sign–O–Lite Signs, Inc. v. DeLaurenti Florists, Inc.,* 64 Wash.App. 553, 825 P.2d 714, 719 (1992) (outlining five criteria for deter-mining whether party has violated Washington Consumer Protection Act); *see also Crowe v. Tull,* 126 P.3d 196, 203 (Colo.2006)(recognizing Colorado's previous reliance on Washington as a model of consumer protection law); *Showpiece Homes Corp. v. Assurance Co.,* 38 P.3d 47, 54 (Colo. 2001)(same); *Hall v. Walter,* 969 P.2d 224, 233 (Colo.1998). Washington's courts recognize that "[w]hether the public interest element has been demonstrated is an issue for the trier of fact." *Sign–O–Lite Signs,* 825 P.2d at 719; *see also Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.,* 105 Wash.2d 778, 719 P.2d 531, 537 (1986).

However, "[t]here apparently are 'no Colorado cases determining when the question of "significant public impact" is a question of law for the judge or when it is a question of fact for the jury.'" *Colorado Coffee Bean,* 251 P.3d at 32 (Connelly, J., concurring)(quoting CJI–Civ. 4th 29:4 n. 1). Although some appellate courts have previously reviewed the question as a matter of law, the facts were undisputed or a grant of summary judgment was under review in those cases. *See, e.g., Martinez v. Lewis,* 969 P.2d 213, 222 (Colo.1998); *Colorado Coffee Bean,* 251 P.3d at ——; *Coors,* 91 P.3d at 399; *Curragh,* 55 P.3d at 241. Thus, we write on a clean slate because, as described below, the facts concerning whether there was a significant public impact were disputed, and this case does not involve a grant of summary judgment, but, rather, a final judgment rendered after a trial.

■ We choose to follow *Sign–O–Lite Signs* and *Hangman Ridge Training Stables* to resolve this issue. This is so because (1) Washington's courts interpret a statute similar to ours; and (2) our supreme court has previously relied on authority from Washington's courts interpreting that statute. Under the circumstances present here, we conclude that the question whether there is a significant public impact in a CCPA case is one of fact.

Our conclusion is supported by two additional factors. First, we are persuaded by the reasoning in Judge Connelly's special concurring opinion in *Colorado Coffee Bean.* Second, our supreme court has held that the

fifth element of a private CCPA claim—whether the deceptive trade practice caused injury to the plaintiff's legally protected interest—is also a question of fact. *Crowe,* 126 P.3d at 210.

Our supreme court established guidelines for evaluating the public impact element of a CCPA claim in *Martinez,* 969 P.2d at 222:

> Some of the considerations relevant to whether a challenged practice significantly impacts the public as consumers are the number of consumers directly affected by the challenged practice, the relative sophistication and bargaining power of the consumers affected by the challenged practice, and evidence that the challenged practice previously has impacted other consumers or has significant potential to do so in the future.

Here, the parties disputed material facts relevant to the issue of public impact, including:

- whether any consumer was directly affected by JetAway's deceptive trade practice; and
- whether JetAway's extensive print, broadcast, and Internet advertising had significant potential to mislead consumers, particularly pilots, to believe that it was authorized to sell fuel.

JCP did not produce admissible evidence at trial that any consumer was directly affected by JetAway's deceptive trade practice. However, this omission, in itself, is not fatal to JCP's claim as a matter of law. Although "the number of consumers directly affected by" a deceptive trade practice is one factor that may be considered in evaluating public impact, no single factor is determinative, nor does *Martinez* suggest that it provides an exhaustive list. *See Martinez,* 969 P.2d at 222 (identifying "[s]ome of the considerations relevant to" a determination of public impact); *see also Crowe,* 126 P.3d at 208 ("at least three factors to *consider* ") (emphasis added); *Rhino Linings,* 62 P.3d at 149 ("[relevant] considerations ... include"); *cf. Colorado Coffee Bean,* 251 P.3d at 25 ("Three

factors *must* be considered ....") (emphasis added). *Martinez* and subsequent supreme court decisions describe an analysis more akin to a balancing test than a checklist.

Here, although there was no evidence of a direct effect on any actual consumer, JCP produced evidence tending to show that JetAway's extensive advertising campaign might have had significant potential to impact consumers in the future. Under these circumstances, we conclude that the question of public impact cannot be determined as a matter of law. We therefore review the trial court's determination as one of fact, and apply the clear error standard. Accordingly, we must accept the trial court's finding unless it is "so clearly erroneous as not to find support in the record." *Page v. Clark,* 197 Colo. 306, 313, 592 P.2d 792, 796 (1979).

### B.  The Trial Court's Finding Was Not Clearly Erroneous

The trial court found that pilots "are not likely to be unsophisticated consumers with bargaining weaknesses" and that "no deception to actual purchasers or consumers [had] been shown." The record supports these findings. The trial court did not make specific findings regarding the potential future impact on consumers of JetAway's deceptive trade practice. It did, however, state that it had considered all three factors identified in *Martinez* in making its determination.

We therefore conclude that the record supports the trial court's determination that JetAway's deceptive trade practice did not have a significant public impact.

The judgment is affirmed.

Judge GRAHAM and Judge FOX concur.