2014 COA 171

**SOUTHERN COLORADO ORTHOPAED-IC CLINIC SPORTS MEDICINE AND ARTHRITIS SURGEONS, P.C., a Colorado professional corporation, a/k/a Premier Orthopedics and Sports Medicine Specialists, P.C., Plaintiff–Appellant,**

v.

**David M. WEINSTEIN, M.D., Defendant–Appellee.**

Court of Appeals No. 13CA2011

Colorado Court of Appeals, Div. VI.

Announced December 18, 2014

Rehearing Denied January 15, 2015

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2014.

El Paso County District Court No. 07CV5023, Honorable Peter W. Booth, Judge

Hamil/Martin, LLC, J. Lawrence Hamil, Denver, Colorado; Tsoucaris Law, LLC, Valissa A. Tsoucaris, Denver, Colorado, for Plaintiff–Appellant

Lewis Roca Rothgerber, LLP, Eric Hall, Edward Gleason, Colorado Springs, Colorado, for Defendant–Appellee

Opinion by JUDGE BERNARD

¶ 1 This appeal focuses on a fee-shifting provision in an employment agreement. This provision states that the prevailing party in any action to enforce the agreement "shall be entitled to recover . . . *all* attorney fees [and] costs."

¶ 2 Does this provision require the trial court to award the prevailing party all its attorney fees and costs instead of awarding it only its reasonable attorney fees and costs? We answer this question "no." As a result, we affirm the trial court's decision that awarded only reasonable attorney fees and costs to the plaintiff in this case, a professional corporation known as the Southern Colorado Orthopaedic Clinic Sports Medicine and Arthritis Surgeons, P.C.

## I. Background

¶ 3 The litigation between the professional corporation and the defendant, Dr. David M. Weinstein, spans roughly seven years. (We note that there was another defendant involved in this case who is not a party to this appeal.) The professional corporation alleged that the doctor had breached his employment agreement with the professional corporation. The professional corporation sued the doctor, and it raised seven claims.

As is pertinent to our analysis, these claims included (1) breach of various terms of the employment agreement; and (2) an allegation that the doctor had not paid liquidated damages that he owed because he had violated a non-compete provision of the employment agreement. The doctor responded with counterclaims and third-party claims.

¶ 4 In 2009, the trial court presided over an eight-day jury trial. At its conclusion, the jury awarded the professional corporation $13 in nominal damages. The trial court then granted the professional corporation's request for a directed verdict, and it awarded the professional corporation $10,000 in liquidated damages because the doctor had breached the non-compete provision.

¶ 5 The trial court later decided that neither the professional corporation nor the doctor had prevailed at trial. It reasoned, in part, that the professional corporation had only obtained nominal damages. The court then declined the professional corporation's request for attorney fees and costs under the fee-shifting provision in the employment agreement.

¶ 6 The professional corporation appealed. (The other defendant participated in this first appeal.) A division of this court reversed the trial court's conclusion that the professional corporation had not prevailed for the purposes of the fee-shifting provision. *S. Colo. Orthopaedic Clinic Sports Med. & Arthritis Surgeons, P.C. v. Weinstein,* (Colo.App. No. 09CA2034, Dec. 2, 2010)(not published pursuant to C.A.R. 35(f)). It reasoned that the professional corporation had prevailed because the judgment "favored [the professional corporation] on fifteen significant claims." The division then remanded the case so that the trial court could hold "a new trial on the issue of damages on [the duty of loyalty claims] and to determine and award [the professional corporation's] attorney fees and costs, both at trial and on appeal."

¶ 7 This appeal only concerns the award of attorney fees and costs. On remand, the professional corporation asked the court to order the doctor to pay it $821,452.58 in attorney fees and costs. (By this time, the other defendant had settled with the professional corporation. The details of this settlement are not in the record. The remand hearing on attorney fees and costs only involved the professional corporation and the doctor.) The trial court awarded the professional corporation $28,993.75. This figure included $9315.15 in attorney fees for the trial, $2328.79 in costs for the trial, and $17,349.81 in attorney fees and costs for the appeal.

## II. Standard of Review

¶ 8 We review an award of attorney fees and costs for an abuse of discretion. *Planning Partners Int'l, LLC v. QED, Inc.,* 2013 CO 43, ¶ 12, 304 P.3d 562. A trial court abuses its discretion when its "actions are manifestly arbitrary, unreasonable, or unfair." *Id.* (citing *Colo. Nat'l Bank of Denver v. Friedman,* 846 P.2d 159, 167 (Colo.1993)). "Accordingly, a trial court's determination of a reasonable attorney fee award will generally not be disturbed on review unless it is patently erroneous and unsupported by the evidence." *Id.* (citing *Hartman v. Freedman,* 197 Colo. 275, 281, 591 P.2d 1318, 1322 (1979)). But we review a trial court's interpretation of a contractual fee-shifting provision de novo. *In re Estate of Gattis,* 2013 COA 145, ¶ 35, 318 P.3d 549.

## III. The Fee–Shifting Provision

¶ 9 The professional corporation contends that the trial court erred when the court did not award it all its attorney fees and costs. It bases this argument on the fee-shifting provision, which states that the professional corporation was entitled to all its attorney fees and costs because it was the prevailing party at trial. It adds that this clear language blocked the trial court from awarding only reasonable attorney fees and costs. We disagree. We therefore affirm the trial court, although we do so on somewhat different grounds. *See Negron v. Golder,* 111 P.3d 538, 542 (Colo.App.2004)(if the trial court reaches the correct conclusion, the Court of Appeals may affirm on different grounds).

## A. The Law

¶ 10 Colorado courts follow the American rule, which requires parties to a lawsuit

to pay their own legal expenses. *QED,* ¶ 6. There is an exception to this general rule. It applies if the parties agree, in a contract clause known as a fee-shifting provision, that the prevailing party will be entitled to recover its attorney fees and costs. *Gattis,* ¶ 34.

¶ 11 We should give an unambiguous fee-shifting provision its plain and ordinary meaning, and we should interpret it in a " 'common sense manner.' " *Morris v. Belfor USA Grp., Inc.,* 201 P.3d 1253, 1259 (Colo.App.2008)(quoting *Butler v. Lembeck,* 182 P.3d 1185, 1189 (Colo.App.2007)). But Colorado appellate courts have required trial courts to consider whether the requested attorney fees and costs are reasonable even if a fee-shifting provision in a contract does not mention reasonableness. *See Agritrack, Inc. v. DeJohn Housemoving, Inc.,* 25 P.3d 1187, 1191–92 (Colo.2001)(affirming the trial court's award of "reasonable attorney's fees" where the fee-shifting provision stated that the liable party would be "responsible for all attorney's fees, costs, and interest"); *see also Rock Wool Insulating Co. v. Huston,* 141 Colo. 13, 18, 346 P.2d 576, 579 (1959)(requiring a showing of reasonableness where a promissory note awarded fees in a flat amount of 15%).

¶ 12 Courts in other jurisdictions also impose a reasonableness requirement on similarly worded fee-shifting provisions. *See, e.g., State ex rel. Chase Resorts, Inc. v. Campbell,* 913 S.W.2d 832, 835 (Mo.Ct.App. 1995). The court in *Chase* first observed that the contract in that case did not "expressly limit" an award of attorney fees to those "reasonably incurred . . . ." *Id.* But it then concluded that "[a]n attorney is only entitled to fees which are fair and just and which adequately compensate him for his services." *Id.* (internal quotation marks omitted). The rationale for this conclusion was that, "no matter what fee is specified in the contract . . . an attorney, as a fiduciary, cannot bind his client to pay a greater compensation for his services than the attorney would have the right to demand if no contract had been made." *Id.* So, the court reasoned, "as a matter of public policy, reasonableness is an implied term in every contract for attorney's fees." *Id.* In other

words, if clients cannot "lawfully contract" with their attorneys "for an unreasonable fee," parties to an agreement cannot "lawfully contract for reimbursement of more than a reasonable fee." *Id.* As a result of this reasoning, the contention that the losing party to a lawsuit was "obligated to pay the 'total sum' of its legal bills" to the winning party "without an inquiry into their reasonableness [was] without merit." *Id.*

¶ 13 Additional opinions from other jurisdictions take a similar view. *See McDowell Mountain Ranch Cmty. Ass'n, Inc. v. Simons,* 216 Ariz. 266, 165 P.3d 667, 671 (Ariz.Ct.App.2007)(enforcing a fee-shifting provision only to the extent that fees were reasonable); *Crest Plumbing & Heating Co. v. DiLoreto,* 12 Conn.App. 468, 531 A.2d 177, 183 (1987)("We construe the term 'attorney's fees' as an award for *'reasonable* attorney's fees' in this case because the term *'reasonable'* is implied by law even when it is absent in the contractual provision."); *Rauch v. McCall,* 134 Md.App. 624, 761 A.2d 76, 85 (2000)("[T]he court was still required to analyze the reasonableness of the attorney's fees, despite the lack of the specific word 'reasonable' in the Agreement."); *McMullen v. Kutz,* 925 A.2d 832, 834 (Pa.Super.Ct.2007)(same); *Kurtz v. Kurtz,* 158 S.W.3d 12, 19 (Tex.Ct.App.2004)("[W]e hold that reasonableness is an implied term in the Decree's attorney's fees provision and construe the term 'attorney's fees and costs' to unambiguously require that [defendant] pay only reasonable and necessary attorney's fees and costs."); *see also Diamond D. Enters. USA, Inc. v. Steinsvaag,* 979 F.2d 14, 19 (2d Cir.1992)(same).

¶ 14 As we have just observed, courts rely on public policy to impose a reasonableness requirement on fee-shifting provisions, even if those provisions state that the court should award "all" attorney fees and costs. *See Chase,* 913 S.W.2d at 835; *cf. Agritrack,* 25 P.3d at 1191–92 (affirming the trial court's award of reasonable attorney fees where the fee-shifting provision purported to award the prevailing party "all attorney's fees, costs, and interest"). The rationale that these courts cite is that an attorney, who is his client's fiduciary, can only collect reasonable

attorney fees from his or her client. *Chase,* 913 S.W.2d at 835. And because a client cannot contract with an attorney to pay an unreasonable fee, one party likewise cannot contract with another to receive unreasonable attorney fees. *Id.*

¶ 15 Colorado's Rule of Professional Conduct 1.5(a) codifies this rationale: "A lawyer shall not make an agreement for, charge, or collect an unreasonable fee or an unreasonable amount for expenses." Comment 1 adds that this section (1) *"requires* that lawyers charge fees that are reasonable under the circumstances"; and (2) *"requires* that expenses for which the client will be charged must be reasonable." (Emphasis added.)

¶ 16 This rationale, as embedded in the Colorado Rules of Professional Conduct, makes clear that we would "produce perverse incentives for a litigant (and his attorneys)," *see Steinsvaag,* 979 F.2d at 19, if we were to agree with the professional corporation's contention. A fee-shifting provision that awards all fees without regard to reasonableness would "create[ ] an incentive to engage in litigation that might not otherwise have been brought or that might have been conducted differently had the losing party been forced to bear the risk of paying its own fees." *Kleinberg v. Radian Grp., Inc.,* No. 01 Civ. 9295 RMB GWG, 2003 WL 22420501, at *4 (S.D.N.Y. Oct. 24, 2003)(report and recommendation); *see also Scholz v. Metro. Pathologists, P.C.,* 851 P.2d 901, 910 (Colo.1993)("In the absence of discretion, a party could compel a trial court to award costs no matter how unreasonable or unnecessary such expenses may have been.").

¶ 17 Indeed, the professional corporation's expert acknowledged during the remand hearing that, even though "the agreement says [']all,['] I also think, as a matter of law in Colorado[,] that the ethics code ... requires [lawyers] to always look at the [Colo. RPC 1.5(a) ] elements on top of the contractual elements...." The expert explained this reasoning, stating that "I personally believe, you need to meet that test as well because we are lawyers and we are bound by [Colo. RPC 1.5(a) ]."

### B. Analysis

¶ 18 At the remand hearing, the professional corporation and the doctor presented expert testimony about the reasonableness of the professional corporation's fee request. After listening to all the evidence, the trial court ruled from the bench. It stated that

- the fee-shifting provision in the employment agreement did not "require [the court] to give every dollar claimed even with the discounts made prior to this hearing";
- an award of all the requested attorney fees and costs "would strain logic";
- the professional corporation and the doctor had "intended" that a court enforce the fee-shifting provision "in light of the [actual] results" that they had obtained; and
- the court was "required for public policy reasons to interpret 'all' as 'reasonable.' "

¶ 19 The professional corporation contends that the language of the fee-shifting provision is clear, unambiguous, and simple. It asserts that "all means all." According to this reasoning, the professional corporation argues that the trial court should have ordered the doctor to pay all the attorney fees and costs that the professional corporation had incurred.

¶ 20 We conclude that the fee-shifting provision was both clear and unambiguous. We also note that the professional corporation and the doctor were sophisticated parties, and that counsel represented them when they agreed to the fee-shifting provision. But we nonetheless disagree with the professional corporation's argument because we conclude that a starkly absolute fee-shifting provision that does not impose a reasonableness requirement on the amount of attorney fees and costs awarded contravenes public policy.

¶ 21 We therefore conclude, for the reasons that we have explained above, that the trial court did not err when it determined that it should read the fee-shifting provision in the employment agreement (1) as entitling the professional corporation only to reasonable attorney fees and costs; instead of (2) as

requiring the court to award the professional corporation all attorney fees and costs, without regard to whether they were reasonable.

¶ 22 We now turn to the professional corporation's contention that the trial court erred in the reasoning that it used to reduce the award of the professional corporation's attorney fees and costs.

## IV. The Trial Court Did Not Abuse its Discretion When it Reduced the Professional Corporation's Request for Attorney Fees and Costs

### A. The Law

¶ 23 We afford trial courts considerable discretion in determining the reasonableness of attorney fees. *QED*, ¶ 24. In doing so, courts first calculate a lodestar amount. *Payan v. Nash Finch Co.*, 2012 COA 135, ¶ 18, 310 P.3d 212. "The lodestar amount represents the number of hours reasonably expended on the case, multiplied by a reasonable hourly rate." *Id.*

¶ 24 The trial court then has discretion to make upward or downward adjustments to the lodestar amount based on factors set forth in Colo. RPC 1.5(a). *Tallitsch v. Child Support Servs., Inc.*, 926 P.2d 143, 147 (Colo.App.1996). One such factor is the degree of success achieved. *Id.* at 147–48.

¶ 25 "[T]he amount of damages recovered by the plaintiff is relevant" in determining whether a request for fees should be adjusted downward based on the degree of success achieved. *Id.* at 148 (citing *Mau v. E.P.H. Corp.*, 638 P.2d 777 (Colo.1981)). "In addition, a court may consider the ... amount of damages sought." *Id.* (citing *Robinson v. Lynmar Racquet Club, Inc.*, 851 P.2d 274 (Colo.App.1993)).

### B. Analysis

#### 1. Fees and Costs Associated with the First Trial

¶ 26 In calculating a reasonable attorney fee award for the first trial, the trial court first decided that "calculat[ing] a [lodestar] amount [was not] necessary." It thus accepted the professional corporation's total requested attorney fees of $821,452.58 as the starting point for its analysis. From that amount, it deducted $34,699.61 in fees and costs that the professional corporation had incurred in litigating the first appeal. This reduced the requested amount of attorney fees and costs for the first trial to $786,752.97.

¶ 27 The court next apportioned the professional corporation's fee request based on its settlement with the second defendant. Rather than cutting the requested amount in half, the court reduced it by the percentage of damages—26%—sought from the other defendant. (The professional corporation has made clear that it is not contesting this part of the trial court's analysis.) The subtraction of this amount reduced the attorney fees and costs attributable to the first trial to $582,197.20.

¶ 28 The trial court then considered a further reduction based on the degree of success that the professional corporation had achieved at trial. To calculate that reduction, the court divided the amount obtained at trial—$10,000 (excluding the $13 in nominal damages as de minimis)—by $563,000, which was the amount of damages that the professional corporation had sought from the doctor. The result of this calculation was approximately 2%. So the court awarded the professional corporation $11,643.94 in attorney fees—or 2% of the attorney fees that it had requested.

¶ 29 Regarding the attorney fees awarded for the first trial, the professional corporation argues that the trial court abused its discretion because it focused too narrowly on the professional corporation's degree of success while simultaneously ignoring its successful defense against the doctor's counterclaims. We disagree.

¶ 30 " 'The determination of the reasonableness of attorney fees is a question of fact for the trial court and will not be disturbed on appeal unless patently erroneous and unsupported by the evidence.' " *Hartman v. Cmty. Responsibility Ctr., Inc.*, 87 P.3d 254, 257 (Colo.App.2004)(quoting *Porter v. Castle Rock Ford Lincoln Mercury, Inc.*, 895 P.2d 1146, 1150 (Colo.App.1995)). The trial court explicitly stated that it had considered all the

relevant reasonableness factors. The court thus followed our supreme court's direction in *City of Wheat Ridge v. Cerveny*, 913 P.2d 1110, 1115–16 (Colo.1996). *See One Creative Place, LLC v. Jet Ctr. Partners, LLC*, 259 P.3d 1287, 1290 (Colo.App.2011)(finding no error when the court stated that it had considered all relevant factors in making its determination).

¶ 31 The professional corporation does not cite any authority, and we have not found any, to support its argument that the trial court erred when, after considering all the appropriate factors, it focused on particular ones. We conclude, instead, that the trial court did not abuse its discretion when it reduced the award of attorney fees based on these factors because the record contains the following evidence that supported the court's reasoning.

- The court, in reaching its decision, noted that the professional corporation had originally sued the doctor for $563,000 in damages, but that the jury only awarded the professional corporation $13.
- The court gave the professional corporation credit for the $10,000 liquidated damages award despite the doctor's decision during the litigation to agree that he owed this amount to the professional corporation.
- The court noted that the amount of attorney fees sought by the professional corporation was greater than the amount that it had sought at trial from the doctor.

¶ 32 We also conclude that the trial court did not abuse its discretion when it used a ratio of damages actually awarded to damages requested in calculating a reasonable attorney fee award. *See Colo. Republican Party v. Benefield*, 337 P.3d 1199 (Colo.App. 2011), *aff'd*, 2014 CO 57, 329 P.3d 262 (noting that, as a way of measuring a party's degree of success, a trial court might consider a ratio of relief sought versus relief obtained in determining a reasonable fee award); *see also United States ex rel. Rent it Co., Inc. v. Aetna Cas. & Sur. Co.*, 988 F.2d 88, 91 (10th Cir.1993)("Given the more than eight-to-one ratio of damages sought to damages recovered, the district court clearly did not abuse

its discretion in denying attorney's fees."); *QED*, ¶ 24 (emphasizing "the considerable discretion afforded to trial courts in determining the reasonableness of attorney fees").

¶ 33 We make clear, however, that we are not announcing a categorical approach requiring the use of such calculations. *See, e.g., Payan*, ¶ 53 (Although "Colorado courts have rejected the rule of proportionality . . . a trial court is not precluded from considering the amount in controversy when awarding attorney fees."); *Tallitsch*, 926 P.2d at 148 (stating that federal civil rights or RICO cases do not *"require* proportionality between [the] amount of damages and [the] fee award" (emphasis added)); *see also, e.g., Fiore v. PPG Indus., Inc.*, 169 Wash.App. 325, 279 P.3d 972, 986–87 (2012)(although the amount of the recovery was relevant in determining reasonableness of an award of attorney fees, it was not conclusive). We simply hold instead that, under the facts of this case, the trial court did not abuse its discretion when it reduced the professional corporation's fee request based on its success at trial. *Tallitsch*, 926 P.2d at 147.

¶ 34 The professional corporation next contends that the trial court did not account for its success in defending against the doctor's counterclaims. The record refutes this contention. The trial court stated that it had considered the professional corporation's success, and that this success was one of the reasons why the court had not awarded "a few dollars or even no dollars."

¶ 35 Last, the professional corporation contends that it is entitled to its costs as a prevailing party under C.R.C.P. 54(d) without application of any ratio or apportionment. But the professional corporation makes this argument in a conclusory manner, and it does not cite any authority supporting its position. We therefore decline to address it. *Reyher v. State Farm Mut. Auto. Ins. Co.*, 230 P.3d 1244, 1257 (Colo.App.2009)("State Farm does not explain this conclusory argument, nor does it provide any citations in support. Thus, we decline to address it."), *rev'd on other grounds*, 266 P.3d 383 (Colo. 2011).

### 2. Fees and Costs Associated with the First Appeal

¶ 36 The professional corporation contends that the trial court should have awarded it all of the $34,699.61 in attorney fees that it generated in litigating the first appeal. It asserts that the appellate arguments of the doctor and of the other defendant intertwined inextricably.

¶ 37 The record refutes this contention. The trial court explicitly disagreed with it, and the court determined that the doctor's appellate contentions and the other defendant's appellate claims were separable. The court added that, as a result, an attorney fee award beyond $17,349.81 would have given the professional corporation a windfall.

¶ 38 We conclude that the trial court did not abuse its discretion by reaching this result. As the court pointed out, it had no way of knowing what the details were of the settlement between the professional corporation and the other defendant. (Neither the professional corporation nor the doctor introduced any evidence explaining such details.) The trial court therefore did not abuse its discretion when it reduced the amount of the attorney fee award for the first appeal by a one-half share attributable to work on the other defendant's appeal. *See QED,* ¶ 25 (holding that a court is not required to apportion fees, but has discretion to do so).

### 3. Fees and Costs Associated with the Fee Hearing

¶ 39 The professional corporation's request for fees and costs associated with litigating the remand hearing is not properly before us. It has not asked the trial court to award it such fees and costs. Because "[t]he appropriateness of costs and the reasonableness of attorney fees are matters that require factual findings . . . [they] must be decided in the first instance by the trial court." *Benefield,* 337 P.3d at 1209.

### V. Fees and Costs Associated with this Appeal

¶ 40 Because we affirm the trial court's award of fees and costs, the doctor is the prevailing party on appeal. He is therefore entitled to fees and costs under the fee-shifting provision and C.A.R. 39 and 39.5. We exercise our discretion under C.A.R. 39.5 to remand this issue to the trial court to determine and to award the total amount of the doctor's reasonable attorney fees and costs incurred in litigating this appeal. *Payan,* ¶ 63.

¶ 41 The judgment is affirmed, and the case is remanded to the trial court so that it can determine and award to the doctor his reasonable attorney fees and costs incurred in litigating *this* appeal.

Fox and Nieto *, JJ., concur

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S. 2014.