In the

# United States Court of Appeals

## For the Seventh Circuit

———————————

No. 19-1184

NICHOLE L. RICHARDS,

*Plaintiff-Appellant*,

*v.*

PAR, INC., and
LAWRENCE TOWING, LLC,

*Defendants-Appellees*.

———————————

Appeal from the United States District Court for the
Southern District of Indiana, Indianapolis Division.
No. 1:17-cv-00409-TWP-MPB — **Tanya Walton Pratt**, *Judge*.

———————————

ARGUED SEPTEMBER 19, 2019 — DECIDED MARCH 25, 2020

———————————

Before SYKES, HAMILTON, and BRENNAN, *Circuit Judges*.

SYKES, *Circuit Judge*. When Nichole Richards defaulted on
her car loan, her lender hired PAR, Inc., to repossess the
vehicle. PAR subcontracted with Lawrence Towing to carry
out the repossession. Richards protested when employees of
the towing company arrived at her Indianapolis home and
tried to take the car. She ordered them off her property. They
summoned the police, and a responding officer handcuffed

Richards and threatened her with arrest. The officer removed the handcuffs after the car was towed away.

Richards sued PAR and Lawrence Towing for violating the Fair Debt Collection Practices Act ("FDCPA" or "the Act"). As relevant here, the Act makes it unlawful for a debt collector to take "nonjudicial action" to repossess property if "there is no present right to possession of the property claimed as collateral through an enforceable security interest." 15 U.S.C. § 1692f(6)(A). Richards concedes the validity of the security interest and admits that she defaulted on her loan. Her argument is that the defendants lacked a present right to possess the vehicle because Indiana law authorizes nonjudicial repossession only if the repossession "proceeds without breach of the peace." IND. CODE § 26-1-9.1-609. If a breach of the peace occurs, the repossessor must immediately stop and seek judicial remedies.

The district judge viewed the claim as an improper attempt to repackage a state-law violation as a violation of the FDCPA and entered summary judgment for the defendants.

We reverse. Whether a repossessor had a "present right to possession" for purposes of § 1692f(6)(A) can be determined only by reference to state law. Based on the evidentiary record, a reasonable jury could find that the towing company employees did not have a present right under Indiana law to possess Richards's vehicle when they seized it. Accordingly, she has a viable FDCPA claim.

## I. Background

Richards obtained a loan from Huntington National Bank to finance her purchase of a used Chevrolet Tahoe. The loan agreement gave the bank a security interest in the vehicle

and the right to take possession of it if Richards defaulted on her payment obligations. The agreement also specified that any repossession would proceed without a breach of the peace.

When Richards later defaulted on her loan payments, Huntington contracted with PAR, Inc., to repossess the Tahoe. PAR in turn subcontracted with Lawrence Towing to complete the repossession. In the early-morning hours on February 6, 2017, employees of Lawrence Towing arrived at Richards's home in Indianapolis to take possession of the Tahoe. Richards protested and said she would not voluntarily surrender it. They persisted, and one of them told her they could "either do this the hard way or … do this the easy way." Richards ordered them to leave her property. They responded by calling the police.

An officer arrived and Richards continued to object to the repossession. When she stepped off her porch, the officer grabbed her arm, handcuffed her, and threatened her with arrest. He removed the handcuffs after the Tahoe was towed away.

Richards sued PAR and Lawrence Towing alleging a violation of the FDCPA—more specifically, a violation of § 1692f(6)(A) of the Act, which prohibits debt collectors from "[t]aking … any nonjudicial action to effect dispossession or disablement of property *if there is no present right to possession* of the property claimed as collateral through an enforceable security interest." (Emphasis added.) The basis of her claim is that the Lawrence Towing employees had no "present right to possess" the Tahoe when they seized it because section 26-1-9.1-609 of the Indiana Code permits repossession of collateral without judicial process only if the repos-

sessor "proceeds without breach of the peace." The complaint also raised several state-law claims.

The judge entered summary judgment for the defendants, construing the claim as an impermissible attempt to use the FDCPA to enforce a violation of state law. The judge declined to exercise supplemental jurisdiction over the state-law claims, dismissing them without prejudice. After an unsuccessful motion for reconsideration, the judge entered final judgment for the defendants, and this appeal followed.

## II. Discussion

We review a summary judgment de novo, construing the evidence and drawing all reasonable inferences in favor of the nonmoving party—here, Richards. *Pantoja v. Portfolio Recovery Assocs., LLC*, 852 F.3d 679, 682 (7th Cir. 2017).

The FDCPA broadly proscribes unfair debt-collection practices: "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692(f). This language is obviously quite general, but the statute also sets forth some specific prohibited debt-collection methods. Immediately after the main clause we just quoted, the statute says this: "Without limiting the general application of the foregoing, the following conduct is a violation of this section," *id.*, and a list of eight specific prohibited acts follows.

This case involves the sixth: a debt collector may not "[t]ak[e] or threaten[] to take any nonjudicial action to effect dispossession or disablement of property if there is no present right to possession of the property claimed as collateral through an enforceable security interest." *Id.* § 1692f(6)(A). Repossessors qualify as debt collectors under

the Act. *Id.* § 1692a(6) (defining "debt collector" to include a person in "any business the principal purpose of which is the enforcement of security interests"). Together, these provisions establish the following rule: a repossession without judicial process violates § 1692f(6)(A) *unless* the property is collateral under an enforceable security interest *and* the repossessor has a "present right to possession" of the property.

Richards admits that she defaulted on her loan and that Huntington's security interest is valid and enforceable. The premise of her claim is that the Lawrence Towing employees lacked a present right to possess the Tahoe when they seized it because Indiana law permits nonjudicial repossession only if the process doesn't breach the peace. More specifically, section 26-1-9.1-609 of the Indiana Code provides that a secured party may take possession of collateral without judicial process only "if it proceeds without breach of the peace." If a breach of the peace occurs, the repossessor "must desist and pursue his remedy in court." *Allen v. First Nat'l Bank of Monterey*, 845 N.E.2d 1082, 1086 (Ind. Ct. App. 2006) (quotation marks omitted).

It's undisputed that the Lawrence Towing employees were pursuing a self-help remedy by seizing the Tahoe. Drawing inferences in Richards's favor, a reasonable jury could conclude that a breach of the peace occurred during the repossession attempt. At that point the towing company no longer had a present right to possession, but its employees took Richards's Tahoe anyway. The record is factually and legally sufficient to proceed on a claim for violation of § 1692f(6)(A).

The defendants counter with a statutory-interpretation argument. As they read § 1692f(6)(A), the requirement of a "present right to possession" means only that the repossessor must have an enforceable security interest in the property claimed as collateral. On this reading, the statutory phrase "through an enforceable security interest" modifies "present right to possession." But that interpretation skips over language that appears between these two phrases.

Recall the actual text of the statute: debt collectors may not take nonjudicial action to effect dispossession of property if "there is no present right to possession of the property claimed as collateral through an enforceable security interest." § 1692f(6)(A). Under the last-antecedent canon, "a limiting clause or phrase … should ordinarily be read as modifying only the noun or phrase that it immediately follows." *Lockhart v. United States*, 136 S. Ct. 958, 962 (2016) (quotation marks omitted); *see also* ANTONIN SCALIA & BRYAN A. GARNER, READING LAW: THE INTERPRETATION OF LEGAL TEXTS 144–46 (2012). Thus, in § 1692f(6)(A), the phrase "through an enforceable security interest" modifies the phrase directly preceding it: "the property claimed as collateral." That is, the phrase "through an enforceable security interest" identifies the legal mechanism through which the property is "claimed as collateral"; it does not modify "present right to possession."

But the more important and indeed decisive point is that the FDCPA does not define the phrase "present right to possession." Repossession rights are governed by the relevant state's property and contract law, so in the absence of an FDCPA-specific rule, we must look to state law to deter-

mine whether a repossessor had a present right to possess the property at the time it was seized.

The defendants respond by invoking our decisions in *Beler v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, 480 F.3d 470 (7th Cir. 2007), and *Bentrud v. Bowman, Heintz, Boscia & Vician, P.C.*, 794 F.3d 871 (7th Cir. 2015). A close look at each case shows that neither applies here. In *Beler* the plaintiff sued a law firm that served her bank with a citation to discover assets in an effort to execute on a state-court judgment for the law firm's client. 480 F.3d at 472. In response to the citation, the bank froze her account. The plaintiff claimed that the funds in her account came from her social-security disability payments, which are exempt from collection under both the Social Security Act and Illinois law. She accused the law firm of engaging in unfair or unconscionable debt-collection practices by trying to collect against exempt assets. *Id.* at 473.

We rejected that argument, explaining that § 1692f "creates its own rules … ; it does not so much as hint at being an enforcement mechanism for other rules of state and federal law." *Id.* at 474. We observed that the phrase "unfair or unconscionable" in § 1692f "is as vague as they come." *Id.* But it is not "a piggyback jurisdiction clause" or a means "to enforce existing state and federal laws exempting certain assets from execution." *Id.* We concluded that the FDCPA's broad prohibition of "unfair or unconscionable" debt-collection practices should not be read to displace state legislative or judicial rules about the execution of state-court judgments. *Id.* at 475.

In a similar vein, the plaintiff in *Bentrud* argued that it was unfair or unconscionable in violation of § 1692f for the

defendant to deviate from arbitration procedures dictated by contract. 794 F.3d at 875. The plaintiff's claim was premised on a breach of contract governed by state law. Relying on *Beler*, we reaffirmed that § 1692f's "vague" language prohibiting unfair or unconscionable debt-collection practices could not be read to "transform the FDCPA into an enforcement mechanism for matters governed by state law." *Id.* at 876.

Importantly, both *Beler* and *Bentrud* dealt with § 1692f's general clause prohibiting "unfair or unconscionable" debt-collection methods. We held only that this broad and vague language does not transform every violation of state or federal law into a violation of the FDCPA. Nothing about the general phrase "unfair or unconscionable" requires reference to state law, but elsewhere the FDCPA contains more specific provisions that *do* call for an inquiry into state law. As we've explained, § 1692f(6)(A) is one of them.

Two cases illustrate the point. In *Seeger v. AFNI, Inc.*, 548 F.3d 1107, 1111 (7th Cir. 2008), we consulted Wisconsin law to determine whether methods used by a cell-phone company to collect debts in that state were "expressly authorized by the agreement creating the debt or permitted by law" under § 1692f(1). We could not determine whether the methods were "permitted by law" without reference to Wisconsin law. *Seeger*, 548 F.3d at 1111. A second example is our en banc decision in *Suesz v. Med-1 Sols., Inc.*, 757 F.3d 636 (7th Cir. 2014) (en banc). That case concerned § 1692i, which requires a debt collector to file a suit in the "judicial district or similar legal entity" where the contract was signed or where the debtor resides. We held that identifying the "judicial district or similar legal entity" for purposes of § 1692i requires the identification of the "smallest geograph-

ic area that is relevant for determining venue in the court system in which the case is filed." *Id.* at 638. We looked to Indiana law to identify the smallest "geographic area" for venue purposes because the collection action in question was filed in Indiana. *Id.* at 640.

This case is similar to *Seeger* and *Suesz*. A repossession of property without judicial process violates § 1692f(6)(A) *unless* the property is collateral under an enforceable security interest *and* the repossessor has a "present right to possession." The statute doesn't supply its own rule for determining whether a repossessor had a present right to possess the property when it was seized; that question can be answered only by reference to state law. In Indiana a repossessor has a present right to take possession of collateral without judicial process only if he proceeds without a breach of the peace. Richards has a sound legal theory and enough evidence to present her § 1692f(6)(A) claim to a jury.

REVERSED AND REMANDED