The summaries of the Colorado Court of Appeals published opinions
constitute no part of the opinion of the division but have been prepared by
the division for the convenience of the reader. The summaries may not be
cited or relied upon as they are not the official language of the division.
Any discrepancy between the language in the summary and in the opinion
should be resolved in favor of the language in the opinion.

SUMMARY
April 2, 2020

## 2020COA58

## No. 18CA2307, *Western Stone & Metal Corp. v. DIG HP1, LLC* — Attorney Fees; Contracts — Fee-shifting Provisions

Following a dispute between a landlord and tenant arising
under their commercial lease, both parties filed motions requesting
attorney fees and costs. Their lease contains a fee shifting provision
that awards attorney fees and costs to the "prevailing party," as
defined in the contract. In declining to award attorney fees and
costs to either party, the court applied the common law definition
for "prevailing party," which provides that the prevailing party is the
one who received a favorable ruling on the question of liability. A
division of the court of appeals now holds that the common law
definition of "prevailing party" should give way to the definition
specified in the parties' contract, where available.

COLORADO COURT OF APPEALS                                    **2020COA58**

Court of Appeals No. 18CA2307
Arapahoe County District Court No. 16V32119
Honorable Elizabeth Beebe Volz, Judge

Western Stone & Metal Corp.,

Plaintiff-Appellee and Cross-Appellant,

v.

DIG HP1, LLC,

Defendant-Appellant and Cross-Appellee.

ORDER REVERSED AND CASE
REMANDED WITH DIRECTIONS

Division V
Opinion by JUDGE GRAHAM*
Román and Grove, JJ., concur

Announced April 2, 2020

Fairfield and Woods, P.C., Lee Katherine Goldstein, Jason B. Robinson,
Matthew S. Rork, Denver, Colorado, for Plaintiff-Appellee and Cross-Appellant

Snell & Wilmer L.L.P., Daniel R. Frost, Luke W. Mecklenburg, Denver,
Colorado, for Defendant-Appellant and Cross-Appellee

*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art.
VI, § 5(3), and § 24-51-1105, C.R.S. 2019.

¶ 1     This appeal arises from the trial court's decision declining to award attorney fees and costs to either party in the underlying landlord-tenant contract dispute.  On appeal, DIG HP1, LLC (DIG) argues the trial court erred because it reached this decision without applying the provision in the parties' commercial lease agreement that awards attorney fees to the "prevailing party" as defined in the contract, opting instead for a common law definition.  We now clarify that the common law definition should give way to the specific contractual definition of "prevailing party," where available.  We therefore reverse and remand for the trial court to determine which party — if either — is entitled to attorney fees and costs according to the terms of the lease.

## I.     Background

¶ 2     The lease between landlord, DIG, and tenant, Western Stone & Metal Corp. (WSMC), contains a fee-shifting provision.  In the event that either party brings a cause of action arising under the lease, that provision allocates attorney fees and litigation costs to the prevailing party.  The provision defines "prevailing party" in detail, specifying which party will have prevailed in light of particular conduct and litigation outcomes.  Among other circumstances

1

described in the provision, a party could prevail if it "initiated the litigation and substantially obtained the relief" it sought; or alternatively, the party that did not initiate litigation could prevail if the initiating party nevertheless did not obtain judgment in its favor, did not substantially obtain the relief it sought, or withdrew its claims without having obtained the relief it sought.

¶ 3    In the midst of a contract dispute, WSMC initiated litigation, bringing a number of claims all arising under the lease. Neither party was successful on every claim. The court found in WSMC's favor on some claims, and in DIG's favor on others; and by the end of trial, WSMC had withdrawn a number of its claims. WSMC was awarded damages on one claim that the court later described as arising from the "controlling issue" in the case.

¶ 4    After trial, both parties submitted motions seeking attorney fees and costs as the prevailing party. The parties' competing motions debated how the court should apply the contractual prevailing party provision. Namely, the parties disputed how the court should view the fact that WSMC withdrew a number of its claims, as well as the fact that WSMC did prevail on the "controlling issue" but received significantly less money than originally sought.

In ruling that neither party had prevailed, the court found that "each of the parties could be considered the prevailing party on different claims."

## II. Trial Court's Ruling

¶ 5       On appeal, DIG argues the court's analysis was based on the wrong standard — one that has been developed by courts to implement contract provisions that allocate attorney fees to the "prevailing party" but that also do not elaborate on the term. DIG argues the court should have instead determined the prevailing party by applying the definition spelled out in the parties' lease. DIG further argues that the lease's prevailing party definition will not accommodate the trial court's finding that neither party prevailed, and urges this court to find DIG the prevailing party under the lease.

¶ 6       WSMC disagrees, arguing that the court was correct to rely on the common law prevailing party test. WSMC also argues that the trial court did not entirely ignore the prevailing party definition in the lease, and that the lease's definition does allow for a finding that neither party prevailed. In the alternative, on cross-appeal WSMC urges us to deem WSMC the prevailing party under the lease.

### A. Applicable Law and Standard of Review

¶ 7 Generally, the prevailing party in a contract or tort action may not recover attorney fees from the other party. *Harwig v. Downey*, 56 P.3d 1220, 1221 (Colo. App. 2002). Parties to a contract may agree, however, to a fee-shifting provision that allocates fees and costs to the prevailing party. *S. Colo. Orthopaedic Clinic Sports Med. & Arthritis Surgeons, P.C. v. Weinstein*, 2014 COA 171, ¶ 10.

¶ 8 But not all contracts with a prevailing party provision define the term. To aid in the application of these bare prevailing party provisions, the Colorado Supreme Court has furnished a test for when the contract awards fees and costs to the "prevailing party" but does not define the term for purposes of the contract. *See, e.g.,* *Dennis I. Spencer Contractor, Inc. v. City of Aurora*, 884 P.2d 326, 329 n.7 (Colo. 1994) (highlighting that the contract at issue did not define the term "prevailing party"). The test provides that, for purposes of attorney fees, the prevailing party is the one who received a favorable ruling on the question of liability. *Id.* at 332.

¶ 9 This common law test notwithstanding, parties to a contract may agree to redefine the term for disputes arising under their agreement. *See Bledsoe Land Co. v. Forest Oil Corp.*, 277 P.3d 838,

843-45 (Colo. App. 2011) (a technical term with a generally accepted meaning may be redefined for purposes of a particular contract, by mutual assent of the parties). And just like any contract provision, courts interpret prevailing party provisions so as to best effectuate the parties' intent. *Klun v. Klun*, 2019 CO 46, ¶¶ 18-19 (examining a contractual fee-shifting provision).

¶ 10     Unambiguous contract terms must be applied as written, according to their plain and ordinary meaning. *USI Props. E., Inc. v. Simpson*, 938 P.2d 168, 173 (Colo. 1997) ("It is axiomatic that in construing a document courts should not rewrite the provisions of an unambiguous document, but must enforce an unambiguous contract in accordance with the plain and ordinary meaning of its terms."). This principle applies equally to prevailing party provisions. *Morris v. Belfor USA Grp., Inc.*, 201 P.3d 1253, 1259-61 (Colo. App. 2008) (the contractual fee-shifting provision should have been applied as written, identifying a single party that could potentially recover but not allowing the other party to recover under any circumstance).

### B. The Trial Court Abused Its Discretion by Failing to Apply the Terms of the Lease

¶ 11    In this case, the trial court functionally rewrote the fee-shifting provision in the parties' lease. It did so by applying a definition from case law analyzing contracts that do not resemble the one at issue here. For example, the contract in *Dennis I. Spencer* allocated attorney fees to the "prevailing party," without any further elaboration. 884 P.2d at 329 n.7. By contrast, the lease between DIG and WSMC lays out in detail which party should be deemed "prevailing" under a number of specific circumstances. Thus, the court's analysis defies the interpretive principle that this provision must be enforced as written, not as if the parties had failed to furnish their own prevailing party definition.

¶ 12    We decline to decide which party — if either — is the prevailing party under the lease. Although we interpret contractual fee-shifting provisions de novo, the trial court has discretion to determine the prevailing party under such a provision. *See Klein v. Tiburon Dev. LLC,* 2017 COA 109, ¶¶ 19-21 (highlighting this distinction).

6

¶ 13     In a case like this one, where both parties received a favorable ruling on some claims and the parties dispute the significance of WSMC's withdrawn claims, the trial court is in the best position to determine which party prevailed under the terms of the contract. *See Wheeler v. T.L. Roofing, Inc.*, 74 P.3d 499, 504 (Colo. App. 2003) (the trial court was best positioned to determine the prevailing party, where both parties partially prevailed on the question of liability).

### III.   Conclusion

¶ 14     We therefore reverse and remand for the court to determine which party — if either — is entitled to fees and costs, according to the prevailing party provision in the lease.

JUDGE ROMÁN and JUDGE GROVE concur.