In the

# United States Court of Appeals

## For the Seventh Circuit

_____

No. 20-1343

ANN ROBBINS,

*Plaintiff-Appellant,*

*v.*

MED-1 SOLUTIONS, LLC,

*Defendant-Appellee.*

_____

Appeal from the United States District Court for the
Southern District of Indiana, Indianapolis Division.
No. 1:14-cv-01703-TAB-SEB — **Tim A. Baker,** *Magistrate Judge.*

_____

ARGUED SEPTEMBER 30, 2020 — DECIDED SEPTEMBER 14, 2021

_____

Before SYKES, *Chief Judge*, and WOOD and BRENNAN, *Circuit Judges*.

SYKES, *Chief Judge*. Ann Robbins defaulted on a small debt to an Indiana hospital system for services provided to her minor children. The hospital hired MED-1 Solutions, LLC ("MED-1"), to collect the debt. After MED-1 filed a small-claims action, Robbins paid the debt but refused to pay attorney's fees as required by the agreement she signed when the care was provided. MED-1 then incurred more

attorney's fees—the parties refer to these as "fees-on-fees"—as the small-claims proceeding moved forward for the purpose of recovering the attorney's fees that were initially incurred. The small-claims court ordered Robbins to pay both the initial attorney's fees and the fees-on-fees, and she appealed to the Marion County Superior Court. Under then-existing Indiana law, the appeal initiated a de novo proceeding, so MED-1 filed a new complaint.

Meanwhile, just before the final hearing in small-claims court, Robbins filed suit against MED-1 in the Southern District of Indiana seeking damages under the Fair Debt Collection Practices Act ("FDCPA" or "the Act"), 15 U.S.C. §§ 1692–1692p. Among other claims, she alleged that MED-1 violated the Act by attempting to collect attorney's fees and fees-on-fees that were not contractually owed. A magistrate judge stayed the case to await the outcome of the state proceedings. But the state-court case sat dormant for a long time. Perhaps because the stakes were so small, MED-1 didn't pursue it, and the Superior Court eventually dismissed it for failure to prosecute.

Robbins then returned to federal court and revived the FDCPA case, and the parties filed cross-motions for summary judgment. As relevant here, Robbins raised res judicata, arguing that the state court's dismissal order precluded MED-1 from claiming that the contract required her to pay attorney's fees and fees-on-fees. In the alternative, she advanced a contractual argument that she was not required to pay fees-on-fees. These alternatives formed the basis of her FDCPA claim; she contended that MED-1 violated the Act by trying to collect sums she did not owe. The magistrate judge rejected these arguments and entered judgment for MED-1.

We affirm. The Superior Court's dismissal order does not have preclusive effect here. And because Robbins's contract with the hospital system required her to pay all collection costs, including attorney's fees, MED-1 did not violate the FDCPA by attempting to collect fees-on-fees in the state-court proceedings.

## I. Background

In 2013 Robbins incurred a medical debt to Community Health Network, Inc., a hospital system in central Indiana, for medical services provided to her children. At the time of the services, she signed a written agreement to pay the charges the hospital billed to her, together with collection costs if she failed to do so: "In the event I do not pay such charges when due, I agree to pay costs of collection, including attorney['s] fees and interest." Robbins did not pay the charges billed to her, so Community Health referred the account to MED-1 for collection. Initial collection efforts were unsuccessful, so in July 2014 MED-1 sued Robbins in Lawrence Township Small Claims Court seeking $1,499 in unpaid medical bills and $375 in attorney's fees on Community Health's behalf.

Robbins disputed the debt and obtained an order for discovery from the small-claims court. After MED-1 provided documentation, she agreed that she owed the $1,499 in medical charges and paid that amount in full. But she refused to pay the attorney's fees. MED-1's lawyer explained that because of her discovery request, his actual fees were now higher than the $375 he had originally sought. He offered to accept $375 to settle the dispute over fees. He also warned her that his fees would increase if he was forced to

spend more time on the case, inevitably making her liable for fees-on-fees. Robbins rejected the settlement offer.

Following a hearing, the small-claims court ruled in MED-1's favor and ordered Robbins to pay $1,725, which included an award of attorney's fees and fees-on-fees. Robbins appealed the case to the Marion County Superior Court. Under Indiana law in effect at that time, an appeal from a small-claims judgment involved a de novo proceeding in the Superior Court. IND. CODE § 33-34-3-15. So MED-1 filed a new complaint.

While playing defense in state court, Robbins went on offense in federal court. Nine days before the hearing in small-claims court, she sued MED-1 in federal court alleging several violations of the FDCPA. She twice amended her complaint, and a magistrate judge presiding by consent dismissed some claims and then abstained and stayed the case pending final resolution of the state-court case. *See Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976).

But the state-court case had been dormant for almost two years and remained so for another fourteen months. For reasons unknown—but probably related to the small amount of fees at issue—MED-1 did not pursue the matter. In March 2018 Robbins moved to dismiss for failure to prosecute under Rule 41(E) of the *Indiana Rules of Trial Procedure*. On May 22, 2018, the Superior Court granted the motion and dismissed the case with prejudice pursuant to Rule 41(E).

Robbins then reopened her federal action. The case was reassigned to a different magistrate judge, and the parties

filed cross-motions for summary judgment. Robbins raised several arguments, but only two are important here. She asked the judge to give the state-court judgment res judicata effect in the FDCPA action and bar MED-1 from arguing that the agreement with Community Health required her to pay fees-on-fees. She also claimed as a matter of contract interpretation that the costs-of-collection provision in the payment agreement did not cover fees-on-fees. Success on either argument would provide a basis for her FDCPA claim: if she wasn't obligated to pay fees-on-fees—either because MED-1 was barred from contesting the point or because the contract did not require her to do so—then MED-1 arguably violated the Act by trying to collect sums it was not legally entitled to collect.

The magistrate judge rejected these arguments, denied her motion, and entered judgment for MED-1. This appeal followed.

## II. Discussion

We review a summary judgment de novo. *Richards v. PAR, Inc.*, 954 F.3d 965, 967 (7th Cir. 2020). We begin with Robbins's res judicata argument, which is governed by Indiana's preclusion rules. The Full Faith and Credit Act, 28 U.S.C. § 1738, requires us to "apply the preclusion law of the state that rendered the judgment to determine whether *res judicata* controls this case." *Hicks v. Midwest Transit, Inc.*, 479 F.3d 468, 471 (7th Cir. 2007).

Indiana's preclusion doctrine follows the norm of distinguishing between res judicata, or claim preclusion, and collateral estoppel, or issue preclusion. In Indiana, claim preclusion "acts as a complete bar to subsequent litigation

on the same claim between identical parties." *Edwards v. Edwards*, 132 N.E.3d 391, 396 (Ind. Ct. App. 2019). Claim preclusion has four prerequisites:

> (1) the former judgment must have been rendered by a court of competent jurisdiction; (2) the former judgment must have been rendered on the merits; (3) the matter now in issue was, or could have been, determined in the prior action; and (4) the controversy adjudicated in the former action must have been between the parties to the present suit or their privies.

*Afolabi v. Atl. Mortg. & Inv. Corp.*, 849 N.E.2d 1170, 1173 (Ind. Ct. App. 2006). Where applicable, claim preclusion is a powerful prohibition against claim splitting; it bars claims that were actually litigated in the prior action and also claims that could have been litigated. *Id.*

But claim preclusion applies *defensively*; it is invoked by a defendant who "seeks to prevent a plaintiff from asserting a claim that the plaintiff has previously litigated and lost." *Thrasher, Buschmann & Voelkel, P.C. v. Adpoint Inc.*, 24 N.E.3d 487, 494 (Ind. Ct. App. 2015). Offensive claim preclusion is nonexistent. A plaintiff cannot reassert a claim that he has already won.

Issue preclusion, or collateral estoppel, is a related but somewhat different principle. Issue preclusion

> operates to bar a subsequent re-litigation of the same fact or issue where that fact or issue was necessarily adjudicated in a former suit and the same fact or issue is presented in the subse-

> quent lawsuit. In that situation, the first adju-
> dication will be held conclusive even if the sec-
> ond is on a different claim.

*Tofany v. NBS Imaging Sys., Inc.*, 616 N.E.2d 1034, 1037 (Ind. 1993).

Unlike claim preclusion, issue preclusion does not require identity of the parties and can be used either defensively or offensively. "Regardless of whether the use is termed 'offensive' or 'defensive,' collateral estoppel is asserted against a party who had a prior opportunity to litigate an issue and lost." *Id.* Defensive issue preclusion applies "when the defendant seeks to prevent a plaintiff from asserting a claim [that] the plaintiff had previously litigated and lost against another defendant." *Id.* Offensive issue preclusion applies when the "plaintiff seeks to foreclose the defendant from litigating an issue the defendant ha[d] previously litigated unsuccessfully in an action with another party." *Id.* (quoting *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 n.4 (1979)).

Offensive issue preclusion raises concerns about fairness, however, so Indiana courts limit its use, allowing it only "subject to the requirements set forth in *Parklane Hosiery*." *Id.* at 1038. The Supreme Court explained in *Parklane Hosiery* that allowing the offensive use of issue preclusion may be unfair when the "defendant in the first action is sued for small or nominal damages [and] may have little incentive to defend vigorously, particularly if future suits are not foreseeable." 439 U.S. at 330.

Robbins relies on res judicata—i.e., claim preclusion—but that strain of preclusion doctrine is no help to her. She

invokes preclusion *offensively* to establish a necessary predicate for her FDCPA claim. As we've explained, however, claim preclusion is a shield, not a sword.

Her argument fares no better if reframed as one of issue preclusion. First, and most importantly, the Indiana Supreme Court has held that a dismissal for failure to prosecute under Rule 41(E) does not have issue-preclusive effect because "no issue was actually litigated." *Afolabi*, 849 N.E.2d at 1176. That is independently sufficient to defeat Robbins's preclusion argument. Second, as we've explained, Indiana law authorizes the offensive use of issue preclusion *subject to* considerations of fairness under the factors identified in *Parklane Hosiery*. One of those factors is the "incentive to litigate the prior action"—in particular, the minimal incentive to litigate when damages are small or nominal. *Tofany*, 616 N.E.2d at 1038 (discussing *Parklane Hosiery*).

That factor looms large here. MED-1 did not have a strong incentive to prosecute the dispute over attorney's fees in the Marion County Superior Court. It had already successfully collected the debt Robbins owed to Community Health; all that remained was a fight over $1,725 in attorney's fees and fees-on-fees. There was little incentive to go to the mat in a de novo proceeding in the Superior Court over a sum of that size. Here, in contrast, MED-1 has been accused of acting unlawfully in seeking attorney's fees and fees-on-fees from Robbins on Community Health's behalf. The answer to the underlying contractual question forms the basis for Robbins's FDCPA claim, which carries the potential for liability for actual or statutory damages, an award of attorney's fees, reputational harm to MED-1, and a prece-

dential decision that may undermine its long-term interests in efficient debt collection.

Accordingly, for not one but two reasons, Indiana preclusion doctrine does not apply. Robbins cannot use the Superior Court's dismissal order offensively to block MED-1 from arguing that her contract with Community Health required her to pay attorney's fees and fees-on-fees. We now move to the merits of that question, which is a necessary predicate for the FDCPA claim.

The FDCPA protects consumers from "abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e). Robbins alleges that MED-1 violated §§ 1692e and 1692f of the Act. Section 1692e forbids debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." This includes a "false representation of … the character, amount, or legal status of any debt," § 1692e(2)(A), and the "use of any false representation or deceptive means to collect or attempt to collect any debt," § 1692e(10). Section 1692f prohibits the use of "unfair or unconscionable means to collect or attempt to collect any debt." It goes on to identify eight specific unfair practices "[w]ithout limiting the general application" of the statute. One of the enumerated unfair practices is the "collection of any amount … unless such amount is expressly authorized by the agreement creating the debt or permitted by law." § 1692f(1).

Robbins's claim rests on the premise that her payment agreement with Community Health did not require her to pay fees-on-fees. On that foundation she argues that MED-1's pursuit of fees-on-fees was a false statement in

violation of § 1692e and an unfair debt-collection practice in violation of § 1692f.

The predicate contract-interpretation issue is straight-forward. Here again is the relevant provision in the payment agreement: "In the event I do not pay such charges when due, I agree to pay costs of collection, including attorney['s] fees and interest." The parties' disagreement centers on the scope of the phrase "costs of collection." Robbins argues that the phrase is limited to the cost of collecting unpaid medical bills, which would include MED-1's original attorney's fees but not the fees-on-fees, which were incurred in an effort to collect attorney's fees. MED-1 reads "costs of collection" more broadly to encompass *all* costs associated with collection, including the cost of collecting attorney's fees.

We agree with MED-1's reading. The contract provision putting defaulting debtors on the hook for the hospital's collection costs, including attorney's fees, is a standard fee-shifting provision. Indiana law recognizes that the "purpose of a fee-shifting provision is to make the prevailing party to a contract whole." *Walton v. Claybridge Homeowners Ass'n, Inc.*, 825 N.E.2d 818, 825 (Ind. Ct. App. 2005). Community Health would not be made whole if it had to absorb the cost of collecting the attorney's fees it was owed under the agreement. Indeed, reading "costs of collection" to exclude fees-on-fees would "not fully compensate [the hospital] for enforcing its rights." *Id.* The phrase "costs of collection, including attorney['s] fees" is comprehensive; nothing hints that fees incurred in collecting attorney's fees are excluded.

The foundational premise of Robbin's FDCPA claim—under both § 1692e *and* § 1692f—thus falls apart. And even if our interpretation of the contract is wrong, it does not

necessarily follow that MED-1 violated the FDCPA. The Act is a debtor-protection statute, not a device to provide a windfall for debtors who prevail against debt collectors who bring nonfrivolous collection suits. A debt collector who unsuccessfully sues a debtor has not necessarily made a false, deceptive, or misleading representation in violation of § 1692e, nor engaged in an unfair or unconscionable debt-collection practice in violation of § 1692f. *See Eades v. Kennedy, PC Law Offices*, 799 F.3d 161, 172 (2d Cir. 2015) (suggesting that debt collectors who file unsuccessful debt-collection lawsuits violate the FDCPA only if the lawsuits are frivolous, baseless, or otherwise in bad faith).

But we have no need to explore that point here. Robbins's payment agreement with Community Health contained a broad fee-shifting provision that entitled the hospital to recover its attorney's fees as part of its costs of collection, including the fees incurred in connection with collecting its attorney's fees. MED-1's effort to recover fees-on-fees did not violate the FDCPA.

AFFIRMED