NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 15, 2021*
Decided January 6, 2022

**Before**

DAVID F. HAMILTON, *Circuit Judge*

THOMAS L. KIRSCH II, *Circuit Judge*

CANDACE JACKSON-AKIWUMI, *Circuit Judge*

No. 20-1803

| | |
|---|---|
| BRENDA L. WHITE, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Southern District of |
| | Indiana, Indianapolis Division. |
| *v.* | |
| | No. 1:19-cv-04370-JMS-DLP |
| AMERICAN FAMILY MUTUAL | |
| INSURANCE COMPANY, | **Jane Magnus-Stinson**, |
| *Defendant-Appellee*. | *Judge*. |

### O R D E R

Brenda White sued her insurance company for allegedly failing to pay amounts owed under her homeowners policy. She had lost two substantially similar suits in state court, so the district court dismissed her federal complaint based on claim preclusion. Because White fails to develop any argument that this decision was unsound, we dismiss her appeal.

---

* After examining the submissions and record, we have concluded that the case is appropriate for disposition without oral argument. Fed. R. App. P. 34(a)(2).

White filed multiple claims with American Family Mutual Insurance Company between April 2006 and July 2009. The claims concerned damage to her house caused by a storm. American Family covered certain losses but determined that others were not reimbursable under the policy, so White sued the insurer in the Superior Court of Marion County, Indiana. That court entered summary judgment for American Family in 2013, and the Indiana Court of Appeals affirmed and denied rehearing. *White v. Am. Family Mut. Ins. Co.*, No. 49A02-1310-CT-00923 (Ind. App. Jan. 27, 2015). In 2018, White sued American Family again, in the same trial court and over the same insurance claims. The court dismissed the suit, and the appellate court affirmed based on claim preclusion. *White v. Am. Family Mut. Ins. Co.*, No. 18A-CT-02874 (Ind. App. June 20, 2019).

White then brought the same coverage dispute to federal district court. In a detailed opinion, the district court granted American Family's motion to dismiss the complaint. The district court, like the Indiana appellate court, reasoned that White's claims were precluded by the judgment in her first state lawsuit. The district court also denied White's motions for leave to amend as futile because the newly proposed claims, if they were cognizable, were based on the same conditions that led to the insurance dispute. White appeals that decision.[1]

In her appellate brief, White describes her interactions with American Family and effectively asks this court to resolve the coverage dispute; she does not even mention claim preclusion. We liberally construe pro se filings, but we must be able to discern some argument in an appellate brief. Fed. R. App. P. 28(a)(8)(A); *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001). Even a pro se appellant must engage with the reasons she lost, see *Klein v. O'Brien*, 884 F.3d 754, 757 (7th Cir. 2018), and we will not consider undeveloped arguments, see *Shipley v. Chi. Bd. of Election Comm'rs*, 947 F.3d 1056, 1062–63 (7th Cir. 2020). Because White gives us no reason at all why she should be

---

[1] White filed her notice of appeal while a counterclaim remained unresolved. American Family voluntarily dismissed its counterclaim without prejudice in the district court. In response to our inquiry regarding finality, American Family moved to dismiss its counterclaim with prejudice. We grant that motion and accept its stipulation that the counterclaim should be dismissed with prejudice, leaving no question of finality. See, e.g., *Chessie Logistics Co. v. Krinos Holding, Inc.*, 867 F.3d 852, 856 (7th Cir. 2017). Our jurisdiction is secure under 28 U.S.C. § 1291.

able to proceed in a third lawsuit about the same coverage dispute, we must dismiss the appeal.

Even if White had tried to engage with the reason she lost in the district court, she could not overcome the claim preclusion defense. The district judge explained thoroughly and accurately why White's federal suit is precluded by her state case, which raised (or could have raised) the same claims against the same defendant and resulted in final judgment. See *Robbins v. MED-1 Solutions, LLC*, 13 F.4th 652, 657 (7th Cir. 2021) (detailing claim preclusion under Indiana law).

Under Federal Rule of Appellate Procedure 38, American Family moves for sanctions against White for filing a frivolous appeal. White did not respond to that motion. "An appeal is frivolous if it is so meritless that the result is foreordained." *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 539 (7th Cir. 2007). White's appeal was destined to fail: her claims plainly rehash a dispute she has lost twice, and she failed to develop any argument on appeal. And this is her ninth appeal that we have dismissed.[2] We have never before warned White against frivolous appeals. We decline to impose monetary sanctions against this pro se appellant without prior warning, but we warn White now that further frivolous filings in this or other cases may result in monetary sanctions. Also, the failure to pay such monetary sanctions, if any are imposed in the future, may lead lead to a filing bar under *Support Systems International, Inc. v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995).

In summary, we GRANT the motion to dismiss the counterclaim with prejudice [Doc. 42], DISMISS the appeal, and DENY the motion for sanctions [Doc. 35].

---

[2] In four lawsuits, she appealed but failed to pay the docketing fee after her motions to proceed *in forma pauperis* were denied. *White v. St. Lawrence Catholic Sch.*, No. 20-2895 (7th Cir. Nov. 25, 2020); *White v. Wishard Hosp.*, No. 20-2342 (7th Cir. Oct. 29, 2020); *White v. St. Lawrence Catholic Sch.*, No. 20-2343 (7th Cir. Oct. 29, 2020); *White v. Indianapolis Sch. Dist.*, No. 10-3843 (7th Cir. Mar. 4, 2011). In four more, we dismissed for lack of appellate jurisdiction. *White v. Se. Health Ctr.*, No. 20-2896 (7th Cir. Dec. 14, 2020); *White v. Yang Acupuncture*, No. 20-2213 (7th Cir. July, 23, 2020); *White v. Elite Beverages*, No. 20-2214 (7th Cir. July 23, 2020); *White v. Tavel*, No. 20-2215 (7th Cir. July 23, 2020).